| | |
|---|---|
| 1 | Matthew A. Silverman (018919) |
| 2 | Jessica R. Kenney (026615) |
| | **McCarthy ◆ Holthus ◆ Levine** |
| 3 | 3636 North Central Avenue |
| | Suite 1050 |
| 4 | Phoenix, AZ  85012 |
| 5 | (602) 230-8726 |
| 6 | Attorneys for Movant, |
| 7 | DEUTSCHE BANK NATIONAL TRUST COMPANY, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-OA1, its assignees and/or successors |

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Christa Lisa Federico,<br><br>          Debtor.<br>_____<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-OA1, its assignees and/or successors,<br><br>          Movant,<br><br>  v.<br><br>Christa Lisa Federico, Debtor; and David M. Reaves, Chapter 7 Trustee,<br><br>          Respondents. | In Proceedings Under<br><br>Chapter 7<br><br>Case No. 08-14739-SSC<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

      DEUTSCHE BANK NATIONAL TRUST COMPANY, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-OA1 ("Movant"), by and

File No. AZ-09-15329           1           Case No. 08-14739-SSC
Motion For Relief From Automatic Stay
Case 2:08-bk-14739-SSC    Doc 16    Filed 12/11/09    Entered 12/11/09 18:28:28    Desc
Main Document      Page 1 of 9

1  through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to
2  11 U.S.C. § 362(d), 11 U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001,
3  regarding the real property generally described as 15242 North 88th Lane, Peoria, AZ 85381.
4      The relief requested in this Motion is proper for all of the reasons set forth in the
5  Memorandum of Points and Authorities attached hereto and incorporated herein by this
6  reference.
7      DATED: December 11, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Jessica R. Kenney
    Jessica R. Kenney, Esq.
    3636 North Central Avenue
    Suite 1050
    Phoenix, AZ 85012
    Attorneys for Movant

File No. AZ-09-15329      2      Case No. 08-14739-SSC
Motion For Relief From Automatic Stay
Case 2:08-bk-14739-SSC   Doc 16   Filed 12/11/09   Entered 12/11/09 18:28:28   Desc
Main Document     Page 2 of 9

# MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 10/22/2008, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 04/01/2006, American Brokers Conduit entered into a contract with Christa Federico wherein Debtor agreed to pay the amount of $784.80, or more, on or before the first day of every month, beginning on or about 06/01/2006. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"**.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 20060471472 in the office of the Maricopa County Recorder.

5. DEUTSCHE BANK NATIONAL TRUST COMPANY, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-OA1 is now the holder of the Note that is Secured by the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $244,000.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $1,171.02.

7. The Debtor has failed to make monthly payments, beginning with the month of 09/01/2009, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtor has been in default for 4 months.

8. As of 12/11/2009, the amount required to fully reinstate the Debtor loan is approximately $6,187.43 , itemized as follows:

| | | | | | |
|---|---|---|---|---|---:|
| Unpaid Principal Balance: | | | | $ | 265,010.26 |
| DELINQUENCIES: | | | | | |
| Monthly Payments: (09/09 through 10/09) | 2 | at | $1,185.63 | $ | 2,371.26 |
| Monthly Payments: (11/09 through 12/09) | 2 | at | $1,171.02 | $ | 2,342.04 |
| Late Charges: | | | | $ | 191.60 |
| Escrow Advances: | | | | $ | 515.53 |
| Recoverable Balance: | | | | $ | 7.00 |
| Total Fees: | | | | $ | 60.00 |
| Bankruptcy Attorney Fee: | | | | $ | 550.00 |
| Bankruptcy Filing Fee: | | | | $ | 150.00 |
| Total Delinquencies: | | | | $ | 6,187.43 |
| Total Amount Due to Secured Creditor: | | | | $ | 271,197.69 |

9. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 12/11/2009, the principal amount owing on the Note secured by the Trust Deed is $271,197.69.

10. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

**MOVANT IS NOT ADEQUATELY PROTECTED**

11. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Debtor, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

**DEBTOR HAS NO EQUITY IN THE PROPERTY AND**
**THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION**

12. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtor has no equity, and the Property is not necessary for

File No. AZ-09-15329     4     Case No. 08-14739-SSC
Motion For Relief From Automatic Stay
Case 2:08-bk-14739-SSC    Doc 16    Filed 12/11/09    Entered 12/11/09 18:28:28    Desc
Main Document     Page 4 of 9

1  an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is
2  entitled to relief from the automatic stay if the Debtor has no equity in the Property. In Re
3  Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

4        13. The Moving Party further seeks relief in order to, at its option, offer, provide and
5  enter into any potential forbearance agreement, loan modification, refinance agreement or other
6  loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or
7  written correspondence to offer such an agreement. Any such agreement shall be non-recourse
8  unless included in a reaffirmation agreement.

9        14. Movant requesting relief from the stay has the burden of proof on only one issue.
10 That is the issue of the Debtor equity in the Property. On all other issues, any party opposing
11 relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces
12 evidence on these points, Movant is entitled to relief without presenting any evidence
13 whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R.
14 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion"
15 furnishes adequate protection, then that party must produce evidence and carry the burden of
16 proof even on the issue of equity. Id.

17       15. Upon information and belief, the Debtor has no equity in the subject Property and
18 the subject Property is not necessary for an effective reorganization.

19       16. The current value of the Debtor subject Property is $200,000.00 based upon the
20 Debtor own value as set forth in Schedule A. **See Exhibit "2"**.

21       17. In determining whether there is equity, all encumbrances on the Property, including
22 costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982).
23 In addition, the valuation assigned to the subject Property must be reduced by an amount
24 sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage
25 Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank.
26 S.D. Cal. 1982).

27       18. In the present case, the Debtor has little or no equity in the Property, as evidenced
28 by the approximate market value compared to the total liens against the Property, principally
29 that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 200,000.00 |
| Total Liens to Secured Creditor | $ | 271,197.69 |
| Less 8% Cost of Sale | $ | 16,000.00 |
| Equity | $ | (87,197.69) |

19. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2). No foreclosure action has been commenced as of this date against the property. Due to the filing of the instant bankruptcy petition, Movant is stayed from proceeding with a foreclosure.

## **CONCLUSION**

1. Movant's claim is in default and unpaid by the Debtor.
2. Movant's only form of redress is to look to the secured property.
3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.
4. This property is not required for any reorganization.
5. Movant is not adequately protected.
6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

1       B.   For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

      C.   For such other and further relief as the Court deems just and equitable.

DATED: December 11, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Jessica R. Kenney
   Jessica R. Kenney, Esq.
   3636 North Central Avenue
   Suite 1050
   Phoenix, AZ 85012
   Attorneys for Movant

File No. AZ-09-15329             7             Case No. 08-14739-SSC
Motion For Relief From Automatic Stay
Case 2:08-bk-14739-SSC   Doc 16  Filed 12/11/09  Entered 12/11/09 18:28:28  Desc
Main Document    Page 7 of 9

On 12/11/2009, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Joseph W. Charles
attyjcharles@joecharles.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Alexandru Nicolau
Alexandru Nicolau

On 12/11/2009, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

COUNSEL FOR DEBTOR
Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311

DEBTOR
Christa Lisa Federico
15242 North 88th Lane
Peoria, AZ 85381

TRUSTEE
David M. Reaves
PO Box 44320
Phoenix, AZ 85064

///
///

| | |
|---|---|
| 1 | UNITED STATES TRUSTEE |
| 2 | Phoenix Division |
|   | 230 North First Avenue, Suite 204 |
| 3 | Phoenix, AZ 85003-1706 |
| 4 | **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.** |
| 5 | |
| 6 | /s/ Hue Banh |
|   | Hue Banh |

File No. AZ-09-15329                    9                    Case No. 08-14739-SSC
                                                Motion For Relief From Automatic Stay